FILED

2024 Mar-29  PM 12:15
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | | |
|---|---|---|
| DUSTIN DREW POWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No.:  Case No.:  7:22-cv-1522-JHE |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM OPINION[1]

Plaintiff Dustin Drew Powell ("Powell") seeks review, pursuant to 42 U.S.C. § 405(g), § 205(g) of the Social Security Act, of a final decision of the Commissioner of the Social Security Administration ("Commissioner"), denying his application for supplemental security income ("SSI").  Powell timely pursued and exhausted his administrative remedies. This case is therefore ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3). The undersigned has carefully considered the record and, for the reasons stated below, the Commissioner's decision is **REVERSED**, and this action is **REMANDED** for further proceedings.

### I. Factual and Procedural History

On March 25, 2021, Powell applied for SSI under Title XVI of the Act, with a protective filing date of July 1, 2001.  (*See* Tr. 11, 211–217).  His claim was denied initially and upon reconsideration.  Powell subsequently amended his alleged onset date to coincide with his

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, the parties have voluntarily consented to have a United States Magistrate Judge conduct any and all proceedings, including trial and the entry of final judgment.  (Doc. 15).

protective filing date of March 25, 2021.  (Tr. 11, 309).  He was granted a hearing before an Administrative Law Judge ("ALJ"), which was held on January 20, 2022.  (Tr. 77–93).  At that hearing, Powell was represented by an attorney, Kendall D. Bunton.  (Tr. 77).  On February 2, 2022, the ALJ issued a decision finding that Powell is not disabled and thus not entitled to SSI.  (Tr. 11–19).  That same day, the ALJ mailed a notice of his decision, addressed to Powell personally, with a "cc" copy mailed to his counsel, Bunton.  (Tr. 8–10).  That notice also advised that Powell might appeal the ALJ's decision by mailing a written request for review to the Social Security Administration Appeals Council ("AC"), further explaining that Powell or his representative might also include a written statement about the case, as well as new evidence, with the request for review.  (Tr. 8–9).

Meanwhile, on or about March 7, 2022, Powell retained new counsel: his current attorney, Jason P. Bailey.  (*See* Tr. 28–31).  On April 7, 2022, Bailey sent a request for review in Powell's case to the AC, also asking for an extension of time to submit additional evidence.  (Tr. 36, 208–210).  On April 11, 2022, the AC sent a letter granting that requested extension, giving Powell an additional 25 days to submit new evidence.  (Tr. 37–41).  The letter further advised that any additional materials should be submitted to the AC via the "preferred methods" outlined in an enclosed "Electronic Disability Processing sheet" (Tr. 37), which states that additional evidence may be submitted electronically using the Social Security Administration's Electronic Records Express ("ERE") website, mailed to a "contract scanner," faxed, or mailed to the AC branch office address listed on the cover letter.  (Tr. 39).  However, that April 11, 2022, letter from the AC was addressed and mailed to Bunton (who represented Powell previously up through the ALJ's decision) and not to Bailey (the attorney who was then representing Powell and had requested review by the AC).  (*See* Tr. 38).  The letter indicates that a "cc" copy was also sent to Powell

2

personally. (Tr. 38). However, Powell's brief avers that neither Powell nor Bailey received a copy of the letter until Bailey received it as part of the administrative record on appeal filed by the Commissioner in this court on March 29, 2023. (Doc. 18 at 4). Powell has also submitted a supporting affidavit from Moira Parker, Bailey's office manager, who states that Bailey's office did not receive a copy of the April 11, 2022, letter until then. (Doc. 18-1 ("Parker Affidavit" or "Parker Aff."), ¶ 3)).

With Powell's request for review pending before the AC, Bailey's office received additional medical records concerning Powell in April and May 2022. (*See* Parker Aff. ¶¶ 8). Specifically, Powell claims that Bailey received: (1) on or about April 13, 2022, records dating to March 29, 2022, from the University Medical Center; (2) on or about April 18, 2022, records dating to February 24 and March 31, 2022, from Indian Rivers Mental Health Center; (3) on or about May 5, 2022, records dating to January 21, 2022, from Druid City Hospital; and (4) on or about May 10, 2022, records dating to January 24 and March 30, 2022, from University Medical Center's Betty Shirley Clinic. (Parker Aff. ¶¶ 5–8). Those records themselves are not part of the administrative record on appeal. Nor has Powell sought to file them in this court, as he might have done under the sixth sentence of 42 U.S.C. § 405(g), which authorizes a district court to remand a case to the Commissioner for further proceedings "upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding."

In any event, after receiving the additional medical records, Bailey's office attempted to access Powell's electronic file via the ERE website on or about April 25, May 8, and August 7, 2022, but he was denied each time. (Parker Aff. ¶¶ 9–10). After the last failed attempt, Bailey mailed a letter dated August 8, 2022, to the AC, advising that he represented Powell. (Tr. 25).

Bailey further stated that he had filed a request for review with the AC on Powell's behalf but that the AC had not sent a response acknowledging that the request had been received or was being processed. (Tr. 25). Bailey further requested access to Powell's electronic file on the ERE system and sought information regarding a means by which to submit additional medical evidence to the AC. (Tr. 25). That correspondence also attached a copy of the April 7, 2022, request for AC review (Tr. 36), as well as a copy of a completed SSA-1696 form for appointment of a representative (Tr. 32–35) and a signed fee agreement (Tr. 28–31), as proof of Bailey's representation. Bailey's office had no further communications with the AC until it received a mailed notice on October 3, 2022, advising that, on September 27, 2022, the AC had denied Powell's request for review of the ALJ's decision. (*See* Tr. 1–7; Parker Aff. ¶ 4). Following receipt of that notice, Powell filed this civil action on December 1, 2022. (Doc. 1).

## II. Standard of Review[2]

The court's review of the Commissioner's decision is narrowly circumscribed. The function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). This court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth v. Heckler,* 703 F.2d 1233, 1239 (11th Cir. 1983).

---

[2] In general, the legal standards applied are the same whether a claimant seeks SSI or disability insurance benefits ("DIB"). However, separate, parallel statutes and regulations exist for DIB and SSI claims. Therefore, citations in this opinion should be considered to refer to the appropriate parallel provision as context dictates. The same applies to citations for statutes or regulations found in quoted court decisions.

4

Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* It is "more than a scintilla, but less than a preponderance." *Id.*

This court must uphold factual findings that are supported by substantial evidence. However, it reviews the ALJ's legal conclusions *de novo* because no presumption of validity attaches to the ALJ's determination of the proper legal standards to be applied. *Davis v. Shalala*, 985 F.2d 528, 531 (11th Cir. 1993). If the court finds an error in the ALJ's application of the law, or if the ALJ fails to provide the court with sufficient reasoning for determining the proper legal analysis has been conducted, it must reverse the ALJ's decision. *Cornelius v. Sullivan,* 936 F.2d 1143, 1145–46 (11th Cir. 1991).

### III. Statutory and Regulatory Framework

To qualify for disability benefits and establish his or her entitlement for a period of disability, a claimant must be disabled as defined by the Social Security Act and the Regulations promulgated thereunder.[3] The Regulations define "disabled" as "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months." 20 C.F.R. § 404.1505 (a). To establish entitlement to disability benefits, a claimant must provide evidence of a "physical or mental impairment" which "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1508.

---

[3] The "Regulations" promulgated under the Social Security Act are listed in 20 C.F.R. Parts 400 to 499.

The Regulations provide a five-step process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520 (a)(4)(i-v). The Commissioner must determine in sequence:

(1) whether the claimant is engaged in substantial gainful activity

(2) whether the claimant has a severe impairment;

(3) whether the claimant's impairment meets or equals an impairment listed by the Social Security Administration ("SSA");

(4) whether the claimant can perform his or her past work; and

(5) whether the claimant is capable of performing any work in the national economy.

*Viverette v. Comm'r of Soc. Sec.*, 13 F.4th 1309, 1312 (11th Cir. 2021). If a claimant satisfies Steps One and Two, he or she is automatically found disabled if he or she suffers from a listed impairment. *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999). "Once a claimant proves that she can no longer perform her past relevant work, the burden shifts to the Commissioner to show the existence of other jobs in the national economy which, given the claimant's impairments, the claimant can perform." *Id.* (cleaned up).

### IV. Findings of the Administrative Law Judge

After consideration of the entire record and application of the five-step evaluation process, the ALJ made the following findings:

At Step One, the ALJ found that Powell has not engaged in substantial gainful activity since his alleged onset date. (Tr. 13). At Step Two, the ALJ found Powell has the following severe impairments: mild scoliosis, major depressive disorder, class 3 severe obesity, personality disorder, and attention-deficit hyperactivity disorder ("ADHD"). (Tr. 13). At Step Three, the ALJ found Powell did not have an impairment or combination of impairments that meets or medically equals a listed impairment. (Tr. 13–15).

6

Before proceeding to Step Four, the ALJ determined Powell's residual functional capacity ("RFC"), which is the most a claimant can do despite his impairments. *See* 20 C.F.R. § 416.945(a)(1). The ALJ determined that Powell had the RFC

> to perform sedentary work as defined in 20 CFR 416.967(a) except the individual is limited to simple tasks that have no fast-paced production requirements and are consistent with a level one reasoning ability. The individual should have no contact with the public, but the individual can tolerate occasional interaction with coworkers and can accept instructions and respond appropriately to supervisors.

(Tr. 15).

The ALJ recognized at Step Four that Powell has no past relevant work. (Tr. 17). At Step Five, the ALJ found, based on hearing testimony from a vocational expert, that, given Powell's age (24 years old at time of application) and education ("limited," 11th grade, no GED, *see* Tr. 80), he could perform other work that exists in significant numbers in the national economy, including sorter, table worker, and carding machine operator. (Tr. 18, *see also* Tr. 90–92). Therefore, the ALJ determined on behalf of the Commissioner that Powell was not disabled within the meaning of the Act and denied his claim. (Tr. 18–19).

## V. Analysis

Although the court may only reverse a finding of the Commissioner if it is not supported by substantial evidence or because improper legal standards were applied, "[t]his does not relieve the court of its responsibility to scrutinize the record in its entirety to ascertain whether substantial evidence supports each essential administrative finding." *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) (citing *Strickland v. Harris*, 615 F.2d 1103, 1106 (5th Cir. 1980)). The court, however, "abstains from reweighing the evidence or substituting its own judgment for that of the [Commissioner]." *Id.* (citation omitted).

Powell challenges the Commissioner's decision on two grounds. First, Powell contends that the Commissioner's decision is due to be reversed because the Commissioner improperly deprived Powell of his right to submit additional evidence to the AC. (Doc. 18 at 7–15). Second, Powell argues that the ALJ erred by failing to explain how he had considered and weighed an opinion from Dr. Charles E. Houston, a psychologist who saw Powell for a consultative examination in 2004. (Doc. 18 at 15–17). Because the undersigned concludes that the Commissioner's decision is due to be reversed and the cause remanded based on Powell's first claim, it is unnecessary to address the second ground.[4]

Generally, a disability claimant may submit new evidence to the AC. *See Washington v. Soc. Sec. Admin., Comm'r*, 806 F.3d 1317, 1320 (11th Cir. 2015); *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1261 (11th Cir. 2007). "If a claimant presents evidence after the ALJ's decision, the Appeals Council must consider it if it is new, material, and chronologically relevant." *Hargress v. Soc. Sec. Admin., Comm'r*, 883 F.3d 1302, 1309 (11th Cir. 2018). However, the AC "will only consider [such] additional evidence . . . if [the claimant] show[s] good cause" for not submitting the evidence earlier. 20 C.F.R. § 416.1460(b).

> If the Appeals Council determines that the claimant's additional evidence is not chronologically relevant, meaning it does not relate to the period on or before the date of the ALJ's decision, the Appeals Council will return the additional evidence to the claimant and explain why it did not accept the evidence. [20 C.F.R.] § 416.1470(c); SSR 11–1p, 76 Fed. Reg. at 45,311. The Appeals Council also will inform the claimant that if she files a new claim for the same disability benefits under the same title within 60 days of the notice, the SSA will use the date of the

---

[4] Although the undersigned does not specifically discuss the Commissioner's treatment of Dr. Houston's opinion, the Commissioner should consider on remand whether any of the evidence Powell intended to submit on appeal impacts the analysis of that opinion—which, as the Commissioner points out, predates the relevant period by more than seventeen years (doc. 19 at 11).

8

> claimant's request for review with the Appeals Council as the protective filing date.
> 20 C.F.R. § 416.1470(c); SSR 11–1p, 76 Fed. Reg. at 45,311.

*Williams v. Comm'r of Soc. Sec.*, 2022 WL 791711, at \*3 (11th Cir. 2022). "When the Appeals Council erroneously refuses to consider evidence, it commits legal error and remand is appropriate." *Pupo v. Comm'r, Soc. Sec. Admin.*, 17 F.4th 1054, 1063 (11th Cir. 2021) (*quoting Washington*, 806 F.3d at 1321).

Powell argues the Commissioner's legal errors in following its own procedures failed to provide him with an adequate opportunity to present additional evidence to the AC. (Doc. 18 at 7–15). The Commissioner analyzes Powell's argument as a due process argument, contending Powell has failed to show that he was deprived of an opportunity to submit the evidence. (Doc. 19 at 5–9). That said, the Commissioner's argument largely denies that the Commissioner failed to comply with its own legal obligations, so there appears to be little difference in the ultimate analysis.

First, Powell contends that the AC erroneously failed to follow its procedures when it failed to substitute Bailey as Powell's principal representative and subsequently communicated only with Bunton (and Powell himself) as opposed to Bailey. (*Id.* at 9–10). Pursuant to the HALLEX manual that guides disability and SSI proceedings, the SSA "must timely document the designation . . . of a principal representative." HALLEX I-1-1-10(C); HALLEX I-1-1-11(B) ("Upon receiving a written notice of appointment, . . . staff must also update the record when representation information changes, such as when a new or amended notice of appointment is submitted designating a principal representative . . . ."). The SSA "send[s] notices or requests for development only to the principal representative." HALLEX I-1-1-11(C). Here, it appears the Commissioner failed to do so. As discussed above, the evidence indicates that Commissioner

continued to send notice to Bunton even after Bailey informed the SSA on April 7, 2022, that Bailey was now Powell's principal representative. (*See* Tr. 26–27, 53–60). The Commissioner's counter is simply that Powell has failed to prove the Commissioner erred and that "a presumption of regularity attaches" to its actions in the absence of evidence to the contrary (doc. 19 at 7–8) (citing *U.S. Postal Serv. v. Gregory*, 534 U.S. 1, 10 (2001)) and *Sierra Club v. U.S. Army Corps of Engineers*, 295 F.3d 1209, 1223 (11th Cir. 2002)), but Bailey has provided the evidence necessary to overcome any presumption.[5]  The Commissioner offers no explanation for why this happened beyond a processing delay—effectively conceding it failed to communicate with Bailey per its own procedures.[6]  (Doc. 19 at 8).

The remainder of the errors Powell alleges flow from the Commissioner's failure to process Bailey's appointment form and thus to provide notice to him. Specifically, Powell argues Bailey was unable to access Powell's file and unable to submit new evidence electronically because he was not designated as Powell's representative. (Doc. 18 at 10–11). When months passed without

---

[5] The Commissioner argues in a footnote that "[n]o evidence has been submitted that Plaintiff's hearing representative has, at any point, withdrawn from this case, nor has Plaintiff produced evidence that he terminated the hearing attorney's representation." (Doc. 19 at 8 n.4). It is unclear why the Commissioner believes that this was necessary. The SSA-1696 form Bailey submitted contains a section indicating "Principal Representative (Claimant only – Complete when applicable.)" (Tr. 53). This section states: "I have appointed before, or appoint now, more than one representative. I ask SSA to make contacts or send notices to this individual. My principal representative is:" (*Id.*). Below this, Powell listed "Jason P. Bailey." (*Id.*). In other words, the form contemplates that, regardless of any prior representation, the person listed on the form—i.e., Bailey—is now the principal representative and should receive communications from the SSA.

[6] The Commissioner notes that a copy of the letter granting the request for an extension of time was sent to Powell as well as Bunton. (Doc. 19 at 8). Given the nature of Powell's limitations as accepted by the ALJ, the fact that the Commissioner failed to follow its own rules by failing to provide the letter to Bailey (the *only* person its rules obligate it to inform, HALLEX I-1-1-11(C)), and the fact that Powell is listed only as a "cc" recipient rather than the main recipient, the undersigned cannot conclude that this was sufficient.

receiving a response from the SSA, Bailey followed up with the SSA, but he received no further communication.  (Doc. 18 at 11–13).  The Commissioner argues Bailey was not prevented from submitting evidence in another way (i.e., by mail or fax) or by communicating with it by telephone, but the evidence indicates that (1) Bailey's office believed that its request to submit additional evidence and for an extension of time was still pending before the AC; (2) Bailey's belief was reasonable given the Commissioner's failure to provide notice to Bailey as Powell's principal representative, as its own regulations required; and (3) the Commissioner's failure prevented Bailey from using what appears to be the most effective route to submit new evidence.[7]  In other words, whatever errors Bailey made in failing to submit evidence to the AC through alternative methods or prod it into completing the processing of his appointment of representative form are traceable to the Commissioner's own underlying error.[8]  The Commissioner cannot chide Bailey for failing to pursue alternate routes when its error blocked the main path, and it cannot fault Bailey's diligence when it ignored Bailey's attempts to glean more information.

In any event, the Commissioner argues Powell has failed to show he was prejudiced by any errors he has identified.  As noted above, the Commissioner frames Powell's argument as a due process argument, while Powell frames it as a claim of legal error under the regulations governing the SSA.  Both claims require Powell to show prejudice.  *See Hall v. Schweiker*, 660 F.2d 116, 119

---

[7] Powell points out the SSA itself considers the online process to be "the preferred method for appealing the ALJ's decision or order."[7]  (Doc. 20 at 9) (citing *Request for Review of Hearing Decision/Order*, Social Security Administration, https://www.ssa.gov/forms/ha-520.html (last visited March 28, 2024)).

[8] Bailey also argues that his August 8, 2022 letter should have been construed as a request for an extension of time.  (Doc. 18 at 12–13).  It is unnecessary to address this argument given the Commissioner's errors predating this letter.

(5th Cir. Sept. 9, 1981)[9] ("Should an agency in its proceedings violate its rules and prejudice result, the proceedings are tainted and any actions resulting from the proceeding cannot stand."); *Graham v. Apfel*, 129 F.3d 1420, 1423 (11th Cir. 1997) ("[T]here must be a showing of prejudice before it is found that the claimant's right to due process has been violated to such a degree that the case must be remanded to the [Commissioner] for further development of the record.").

Powell attempts to show prejudice largely by pointing to the fact that he would have received a new "protective filing date" had the Appeals Council concluded the evidence was not chronologically relevant.[10]  (Doc. 18 at 13–15).  Powell cites HALLEX I-3-8-1(D)(2), which provides that when the AC declines to consider evidence submitted to it on the basis that the claimant did not show good cause or that the evidence "does not relate to the period on or before the date of the ALJ's decision," the AC "will offer a protective filing date" using the date of the request for review.  *See also Williams*, 2022 WL 791711, at *3.  This might under some circumstances require a bit of speculation on the court's part as to the AC's motives for rejecting evidence or the claimant's intention to actually pursue a new claim, but the Commissioner does not contest Powell's rationale at all.  She simply argues that Powell was not prejudiced because the SSA "did not prevent Plaintiff from submitting additional evidence to the Appeals Council and provided Plaintiff with notice of how that evidence could be submitted."  (Doc. 19 at 10).  The Commissioner cites the ALJ's February 2, 2022 Notice of Decision (Tr. 8–10) for this proposition,

---

[9] The decisions of the former Fifth Circuit handed down before October 1, 1981, are binding in the Eleventh Circuit.  *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

[10] As discussed above, the AC must consider evidence only when it is "new, material, and chronologically relevant."  *Hargress*, 883 F.3d at 1309.  The evidence is not before the court, so the undersigned cannot draw any conclusions about what the evidence might show.

but its errors described above postdate that notice and the undersigned has already rejected this rationale.  The undersigned thus concludes that there is enough potential that a new protective filing date would have been available to Powell, and that is sufficient prejudice to support remand.

Under the narrow circumstances of this case, the undersigned concludes Powell has shown (1) the Commissioner erred by failing to designate Bailey as Powell's primary representative and (2) Powell was prejudiced by this error because it effectively prevented him from submitting additional evidence and thereby obtaining a new protective filing date.  Therefore, the Commissioner's decision is reversed.

## VI. Conclusion

For the reasons set forth herein, and upon careful consideration of the administrative record and memoranda of the parties, the decision of the Commissioner of Social Security denying Powell's claim for SSI is **REVERSED**, and this action is **REMANDED** for further proceedings. A separate order will be entered.

DONE this 29th day of March, 2024.

_____
**JOHN H. ENGLAND, III**
UNITED STATES MAGISTRATE JUDGE